UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>MICHAEL PON,<br>　　　　Defendant. | Case No. 15-cr-00323-VC-3<br><br>**ORDER ON ADDITIONAL MOTIONS IN LIMINE AND STIPULATION TO RELEASE PRETRIAL SERVICES FILE**<br><br>Re: Dkt. Nos. 205, 207, 239 |

Pon's Renewed Motion in Limine

　　　　The out-of-court statements of Kenneth and Flavia Ng to the confidential informant and undercover officer prior to or on April 23, 2014 are admissible as co-conspirator statements. On the present record, Kenneth and Flavia's statements after that date are not admissible as co-conspirator statements. The government's request to admit the April 26, 2014 phone call is denied without prejudice to raising the issue again at trial should sufficient evidence be presented regarding Pon's involvement in the conspiracy after April 23.

　　　　The August 5, 2014 statements of Kenneth and Flavia to law enforcement officers may be admitted only to impeach Kenneth or Flavia if they testify or, subject to further argument regarding when any motive to fabricate arose, as prior consistent statements.

Government's Motion in Limine 12

　　　　The government's motion regarding references to Flavia's punishment is denied to the extent Pon seeks to elicit information regarding: (i) the fact that Flavia was facing a ten-year mandatory minimum sentence; (ii) the circumstances under which she instead received a safety-valve sentence; (iii) and whether the possibility of a safety-valve sentence provided any motive

to lie.

The government's motion is granted to the extent Pon seeks to inquire about or reference the maximum sentence Flavia faced. As discussed during the pretrial conference, Pon may not argue or intimate that he is facing the same punishment that Flavia faced or emphasize that Flavia and Pon were charged with the same offenses.

Government's Motion in Limine 13

The government's motion to exclude Exhibit 310, the certificate, is granted. Although the fact that Pon has received treatment for methamphetamine addiction is arguably relevant, the fact that he has successfully completed treatment is not. All witnesses for the defense are precluded from testifying that Pon has successfully completed treatment or is no longer using, and counsel for the defense is precluded from implying that.

Unless the parties reach a stipulation to the same effect, Pon may, if he lays an adequate foundation, admit the portion of Exhibit 311 that reads: "Diagnostic Impression: Axis I: Methamphetamine dependence." So long as Pon lays a proper foundation, Exhibit 312, the treatment reports, may be admitted if redacted to reveal only information sufficient to show that Pon participated in treatment for addiction. As both of these records are considered Pretrial Services records, Pon's Pretrial Services officer would be qualified to authenticate them as business records. Pon will be allowed to call his Pretrial Services officer for this very limited purpose. Pon will not be allowed to call employees of the New Bridge Foundation.

Stipulation to Release Pretrial Services File for Michael Pon

Rather than release Pon's entire Pretrial Services file, the Court will first review the file to determine whether it contains any records suggesting that Pon was not addicted to methamphetamine in 2014, or any records otherwise suggesting that Pon was faking the need for addiction treatment. Only records meeting these criteria will be released to the parties.

Because such records are generally confidential and not to be released to the parties, the Clerk is ordered to seal the exhibits to docket number 205. *See* 18 U.S.C. § 3153(c)(1).

**IT IS SO ORDERED.**

Dated: January 27, 2018

_____
VINCE CHHABRIA
United States District Judge